402 A.2d 1190.

WARWICK TEACHERS' UNION LOCAL 915, AFT, AFL-CIO *vs.* THE SCHOOL COMMITTEE OF THE CITY OF WARWICK.

JULY 5, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

PER CURIAM    Marsha Sousa, a member of the Warwick Teachers' Union (the union) and an employee of the school Committee of the City of Warwick (the school committee), missed 13 days of work between February 14 and March 11, 1975. The absence was due to a pregnancy-related illness which occurred subsequent to the birth of her child. While the collective-bargaining agreement gives each teacher up to 90 days of annual fully paid sick leave, it also stipulates that a teacher shall not receive any salary during a maternity leave. The school committee, relying on the maternity-leave proviso, denied the request for paid sick-leave benefits, and the union filed a grievance.

In due course, the issue was submitted to binding arbitration. The arbitrator found for the school committee. The union filed a complaint in Superior Court seeking to vacate the arbitrator's award on the ground that the denial of Marsha's request for paid leave not only violated her fourteenth amendment guarantee of equal protection but also contravened the prohibitions against discrimination on the basis of sex that are found in the State Fair Employment Practices Act, specifically, G.L. 1956 (1968 Reenactment) §28-5-7(a), as amended by P.L. 1973, ch. 132, §1. The trial justice confirmed the award, and the union appealed.

The simple and direct answer to the contentions made by the union can be found in the well-established principle which holds that an arbitrator's mistake of law is not a ground for vacating an arbitrator's award. *Jacinto* v. *Egan*,

120 R.I. 907, 911, 391 A.2d 1173, 1178 (1978); *Smithfield Education Association* v. *Smithfield School Committee*, 120 R.I. 191, 192, 386 A.2d 1093, 1094 (1978); *Belanger* v. *Matteson*, 115 R.I. 332, 345-47, 346 A.2d 124, 132-34 (1975).

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Richard A. Skolnik*, for plaintiff.

*Thomas L. McDonald*, for respondent.